UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DWIGHT GODLEY

   v.

PRISONER CASE NO.
3:11-cv-470 (AVC)

JULIE CALER, ET AL.

**ORDER**

    The plaintiff, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983. He alleges that on August 28, 2007, the defendants, Connecticut State Trooper Pickett and Connecticut Probation Officers Julie Caler, Greg Waring, Jim Morrisson, Jorge Allande and Bethany Doe, arrested him outside his apartment building for violating the conditions of his probation. The defendants then conducted a search of the plaintiff's apartment without a search warrant and without his consent. After the search, the defendants remanded the plaintiff to the custody of the Department of Correction and transported him to a Connecticut prison facility. The plaintiff has been incarcerated since the date of his arrest. A state court judge subsequently determined that the plaintiff had violated the conditions of his probation.

    The plaintiff also asserts that one of the conditions of his probation restricted him from having any contact with the victim of the crime for which he had been convicted. He claims that prior to his arrest on August 28, 2007, he contacted defendant

Caler because the victim was violating the no contact order by telephoning him and writing to him. Defendant Caler refused to intervene and warned the plaintiff to stay away from the victim. The plaintiff seeks monetary damages and injunctive relief.

The plaintiff asserts claims of false arrest and unreasonable search and seizure against all the defendants. The plaintiff also claims that prior to his arrest, defendant Caler refused to intervene to stop the victim from violating the no contact condition of his probation.

The limitations period for filing an action pursuant to 42 U.S.C. § 1983 is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). The statute of limitations for a claim of false arrest, which is a "species" of false imprisonment, begins to run "when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007). An alleged false imprisonment ends when "the victim becomes held pursuant to [legal] process—when, for example, he is ... arraigned on charges." *Id.* at 389 (emphasis omitted).

The plaintiff filed his complaint at the earliest on February 28, 2011, when he presumably handed his complaint and *in forma pauperis* application to prison officials for filing. The

statute of limitations began to run as to the plaintiff's claims of unreasonable search and seizure and failure to respond to his allegations of the victim's violations of the no contact order, at the latest on August 28, 2007. Thus, the three-year limitations period expired on August 28, 2010, prior to the filing of this action.

With regard to the claims of false arrest on violation of probation charges, the plaintiff alleges that the defendants remanded him to the custody of the Department of Correction immediately following his arrest. The plaintiff does not indicate when he was brought to court on the violation of probation charges. It is likely that the plaintiff was arraigned on these charges prior to February 28, 2008. *See* Conn. Gen. Stat. 53a-32(c) (as soon as the court is notified of the arrest of the defendant by the probation officer or by a police officer pursuant to an arrest warrant, "the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges"). If so, the false arrest claims are barred by the three-year statute of limitations.

The plaintiff is directed to show cause why the claims in the complaint are not barred by the three-year statute of limitations. **The plaintiff shall file his response within thirty (30) days from the date of this order.** If the plaintiff fails to respond to this order, the court will dismiss the complaint as time-barred, the Clerk will enter judgment for the defendants and

the case will be closed.

**SO ORDERED** this 10th day of August 2011, at Bridgeport, Connecticut.

/s/

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE