UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2012 DEC 20  P 12: 21

DWIGHT GODLEY,
  plaintiff,

v.

PROBATION OFFICER JULIE CALER,
ET AL.,
  defendants.

PRISONER
CASE NO. 3:11-cv-470 (AVC)

## INITIAL REVIEW ORDER

The plaintiff is currently incarcerated at Brooklyn Correctional Institution in Brooklyn, Connecticut. He has filed a complaint *pro se* under 42 U.S.C. § 1983, naming Connecticut State Trooper Pickett and Connecticut Probation Officers Julie Caler, Greg Waring, Jim Morrisson, Jorge Allande and Bethany Doe as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. See Carr v. Dvorin, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on August 28, 2007, defendants Connecticut State Trooper Pickett and Connecticut Probation Officers Julie Caler, Greg Waring, Jim Morrisson, Jorge Allande and Bethany Doe arrested him outside his apartment building for violating a condition of his probation which prohibited him from having contact with the victim of the crime for which he had been convicted. The defendants then proceeded to conduct a search of the plaintiff's apartment without a search warrant and without his consent. The plaintiff does not assert that the defendants

seized anything from the apartment. After the search, the defendants remanded the plaintiff to the custody of the Department of Correction and transported him to a Connecticut prison facility. The plaintiff has been incarcerated since the date of his arrest. A state court judge subsequently determined that the plaintiff had violated the conditions of his probation.

The plaintiff also claims that prior to his arrest on August 28, 2007, he contacted defendant Caler because the victim of his offense was violating the condition of his probation, prohibiting him from having contact with him/her by telephoning him/her and writing to him/her. Defendant Caler refused to intervene and warned the plaintiff to stay away from the victim. The plaintiff seeks monetary damages and injunctive relief.

The plaintiff asserts claims of false arrest and unreasonable search and seizure against all of the defendants. The plaintiff also claims that prior to his arrest, the defendant, Caler, refused to intervene to stop the victim from violating the no contact condition of his probation.

The limitations period for filing an action pursuant to 42 U.S.C. § 1983 is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). The statute of limitations for a claim

of false arrest, which is a "species" of false imprisonment, begins to run "when the alleged false imprisonment ends." Wallace v. Kato, 549 U.S. 384, 388-89 (2007). An alleged false imprisonment ends when "the victim becomes held pursuant to [legal] process—when, for example, he is ... arraigned on charges." Id. at 389 (emphasis omitted).

The plaintiff filed his complaint, at the earliest, on February 28, 2011, when he presumably handed his complaint and in forma pauperis application to prison officials for filing. The statute of limitations began to run as to the plaintiff's claims of unreasonable search and seizure and failure to respond to his allegations of the victim's violations of the no contact order, at the latest, on August 28, 2007. Thus, the three-year limitations period expired on August 28, 2010, prior to the filing of this action.

On August 11, 2011, the court ordered plaintiff to show cause why the claims in the complaint were not barred by the statute of limitations. In response to the order to show cause, plaintiff states that he was initially charged with violating the no contact order of his probation conditions. The plaintiff claims that unidentified items were seized from his apartment when the defendants searched it on August 28, 2007. It was not until August 2008, however, that the plaintiff was charged with violating another condition of his probation based on unidentified items seized from his apartment. The plaintiff

4

states that he was never arrested for violating this condition of his probation, but contends that the items seized from his apartment were introduced at his violation of probation hearing. He concedes that a judge found him guilty of violating the conditions of his probation.

The plaintiff claims that he attempted to find an attorney to assist him between the time of his arrest and his probation hearing. In December 2008, an attorney indicated he would assist the plaintiff after his pending criminal charges were concluded. The plaintiff alleges that in January 2010, the criminal charges pending against him were nolled. The plaintiff claims that it was difficult to contact attorneys and access legal resources because he was in prison from the date of his arrest until the filing of this case.

The court notes, however, that on September 16, 2009, the plaintiff appeared *pro se* and filed a petition for writ of habeas corpus in the Connecticut Superior Court and on April 28, 2010, the plaintiff again appeared *pro se* and filed a petition for writ of habeas corpus in the Connecticut Superior Court.[1] See Godley v. Warden, TSR-CV09-4003178-S (Conn. Super. Ct. September 16, 2009); Godley v. Warden, TSR-CV10-4003532-S (Conn. Super. Ct. April 28, 2010). Thus, the plaintiff was able to file two civil

---

[1] Information regarding these civil cases may be found at: http://civilinquiry.jud.ct.gov/PartySearch.aspx (last visited November 1, 2012) under the name of Dwight Godley.

5

actions in state court without the assistance of counsel.

The court concludes that the plaintiff has not demonstrated sufficient facts to warrant equitable tolling of the statute of limitations period as to his illegal search claim or his claim that prior to his arrest, defendant Caler refused to intervene to stop the victim from violating the no contact condition of his probation. Those claims are dismissed as barred by the applicable three year statute of limitations. See 28 U.S.C. § 1915A(b)(1).

The plaintiff also alleges a claim for false arrest. The Fourth Amendment's protections include the right to be free from arrests without probable cause. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). "Claims for false arrest or malicious prosecution, brought under [Section] 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003). Under Section 1983, the elements of claims for false arrest and malicious prosecution are controlled by state law. See Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004); Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994).

Under both Connecticut law and section 1983, a plaintiff must allege that the prosecution terminated in his or her favor to state a claim of malicious prosecution or false arrest. See

6

Miles v. City of Hartford, 445 Fed. Appx. 379, 383 (2d Cir. 2011) (affirming that it had "expressly held, invoking Connecticut law, that favorable termination is an element of 'a section 1983 claim sounding in false imprisonment or false arrest'") (quoting Roesch v. Otarola, 980 F.2d 850, 853-54 (2d Cir. 1992)); Birdsall v. City of Hartford, 249 F. Supp. 2d 163, 171 (D. Conn. 2003) (stating that "[i]t is well settled in the second circuit that in order to prevail on a cause of action for false arrest or malicious prosecution, a plaintiff must prove that the underlying criminal proceeding terminated in his favor."). A plaintiff may satisfy this element by showing "that he 'was discharged without a trial under circumstances amounting to the abandonment of the prosecution without request by him or arrangement with him.'" White v. Wortz, 66 F. Supp. 2d 331, 334 (D. Conn. 1999) (quoting See v. Gosselin, 133 Conn. 158, 160, 48 A.2d 560 (1946)).

The plaintiff asserts that the defendants falsely arrested him for violating at least one condition of his probation. Because the plaintiff was convicted of violating his probation, he cannot state a claim for false arrest against the defendants. The false arrest claim is, therefore, dismissed. See 28 U.S.C. § 1915A(b)(1).

**ORDERS**

The court enters the following orders:

1) All federal claims against the defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The court

declines to exercise supplemental jurisdiction over any state law claims against the New Haven Police Department. See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts). If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). The clerk is directed to enter judgment for the defendants and close this case.

(2) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of this order to the plaintiff.

SO ORDERED at Hartford, Connecticut this 19th day of December, 2012.

/s/ Alfred V. Covello, USDJ
_____
ALFRED V. COVELLO
UNITED STATES DISTRICT JUDGE